UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA HOUSEL,<br><br>    Plaintiff,<br><br>-against-<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY<br>and BARBARA A. HEIFFERON,<br><br>    Defendants. | Civil Action No. 10-CV-6222L<br><br>**ANSWER** |

Defendants Rochester Institute of Technology ("RIT") and Barbara Heifferon, by counsel, hereby respond to the Complaint filed against them as follows:

## RESPONSE TO INTRODUCTION

1.   Admit that Plaintiff purports to proceed as stated therein, but deny that they engaged in any unlawful conduct which would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further deny that Plaintiff is entitled to any of the remedies that she seeks in this action.

## RESPONSE TO JURISDICTION AND VENUE

2.   No response is necessary to paragraph 2 of the Complaint as it contains conclusions of law only. To the extent any response is required, Defendants admit only that Plaintiff invokes the jurisdiction of this Court, but Defendants deny that they engaged in any unlawful conduct which would give rise to any cause of action or entitle Plaintiff to any relief whatsoever.

3.   Admit the allegations contained in paragraph 3 of the Complaint.

## RESPONSE TO PARTIES

4.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiff is a female.

5.   Admit the allegations contained in paragraph 5 of the Complaint, except deny that Plaintiff has worked in excess of 1,250 hours during the year preceding her non-renewal of her annual contract.

6.   Admit the allegations contained in paragraph 6 of the Complaint.

7.   Deny the allegations contained in paragraph 7 of the Complaint, except admit that Heifferon was appointed as the Chair of the English Department for RIT in the summer of 2007.

8.   No response is necessary to paragraph 8 of the Complaint as it contains conclusions of law only.

9.   No response is necessary to paragraph 8 of the Complaint as it contains conclusions of law only.

## RESPONSE TO ADMINISTRATIVE EXHAUSTION

10.   Admit the allegations contained in paragraph 10 of the Complaint.

## RESPONSE TO FACTS

11.   Admit the allegations contained in paragraph 11 of the Complaint.

12.   Admit the allegations contained in paragraph 12 of the Complaint.

13.   Deny the allegations contained in paragraph 13, except admit that Heifferon was appointed as the Chair of the English Department for RIT in the summer of 2007.

14.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.   Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint, except admit that Heifferon contacted Plaintiff on February 16, 2008 to schedule a meeting for February 21, 2008.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Admit the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint, except admit that Heifferon provided Plaintiff with a Plan for Improvement on Writing Courses which lists changes to the syllabus.

33. Deny the allegations contained in paragraph 33 of the Complaint, except admit that Heifferon sent an email to Plaintiff.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Admit the allegations contained in paragraph 41 of the Complaint.

42. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint, except admit that Heifferon sent an email to Plaintiff on March 31, 2008 stating that Plaintiff's March 16, 2008 letter contained many inaccuracies.

44. Deny the allegations contained in paragraph 44 of the Complaint, except admit that Plaintiff responded to Heifferon's March 31, 2008 email stating a possible need for outside assistance.

45. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint, except admit that they met to discuss Plaintiff's performance.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint, except admit that Plaintiff received a merit review.

55. Deny the allegations contained in paragraph 55 of the Complaint, except admit that Plaintiff's merit review conveyed that Plaintiff needs to improve her teaching.

56. Admit the allegations contained in paragraph 56 of the Complaint.

57. Admit the allegations contained in paragraph 57 of the Complaint.

58. Admit the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint, except admit that neither Plaintiff nor Defendants arranged for meditation to occur.

60. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Admit the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint, except deny admit that Plaintiff received an email on September 16, 2008 from Heifferon.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint, except admit that Heifferon emailed Plaintiff stating that Plaintiff can meet with her with Dean Ulin and Dean Capps as mediators.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. Admit the allegations contained in paragraph 76 of the Complaint.

77. Admit the allegations contained in paragraph 77 of the Complaint.

78. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint, except admit that Plaintiff filed a charge of discrimination against Defendant RIT.

92. Admit the allegations contained in paragraph 92 of the Complaint.

93. Deny the allegations contained in paragraph 93 of the Complaint.

94. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Deny the allegations of paragraph 97 of the Complaint.

98. Deny the allegations contained in paragraph 98 of the Complaint.

99. Deny the allegations of paragraph 99 of the Complaint, except admit that a vacancy occurred following the resignation of Andrea Walker, and that upon information and belief, Plaintiff applied for the position.

100. Admit the allegations contained in paragraph 100 of the Complaint.

101. Deny the allegations contained in paragraph 101 of the Complaint.

102.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint, except admit that the scheduled quarter is ending.

105.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint.

114. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint.

117. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

121. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint.

122. Admit that Plaintiff's employment contract was not renewed, and further states that the document speaks for itself.

123. Deny the allegations contained in paragraph 123 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

124. Incorporate by reference their answers to paragraphs 1 through 123 above as if set forth fully herein.

125. Deny the allegations contained in paragraph 125 of the Complaint.

126. Deny the allegations contained in paragraph 126 of the Complaint.

127. Deny the allegations contained in paragraph 127 of the Complaint.

128. No response is necessary to paragraph 128 of the Complaint as it contains conclusions of law only.

## RESPONSE TO SECOND CAUSE OF ACTION

129. Incorporate by reference their answers to paragraphs 1 through 128 above as if set forth fully herein.

130. Deny the allegations contained in paragraph 130 of the Complaint.

131. Deny the allegations contained in paragraph 131 of the Complaint and further deny that they are obligated to Plaintiff for any reason or for any amount.

132. Upon information and belief, admit that Plaintiff has retained counsel, but deny that Plaintiff is entitled to attorney's fees and further deny that they are obligated to Plaintiff for any reason of for any amount.

## RESPONSE TO THIRD CAUSE OF ACTION

133. Incorporate by reference their answers to paragraphs 1 through 132 above as if set forth fully herein.

134. Deny the allegations contained in paragraph 134 of the Complaint.

135. Deny the allegations contained in paragraph 135 of the Complaint.

136. Deny the allegations contained in paragraph 136 of the Complaint.

## RESPONSE TO FORTH CAUSE OF ACTION

137. Incorporate by reference their answers to paragraphs 1 through 136 above as if set forth fully herein.

138. Deny the allegations contained in paragraph 138 of the Complaint.

139. Deny the allegations contained in paragraph 139 of the Complaint.

140. Deny the allegations contained in paragraph 140 of the Complaint.

## AS AND FOR THEIR DEFENSES
## DEFENDANTS RIT AND HEIFFERON ALLEGE AS FOLLOWS

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent Plaintiff's discrimination claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, are based on events which arose more than 300 days prior to the filing date of her administrative charge of discrimination with the Equal Employment Opportunity Commission, those claims are barred by the applicable Statute of Limitations.

### THIRD DEFENSE

To the extent Plaintiff's discrimination claims against the Defendants arising under the New York Human Rights Law, N.Y. Executive Law §296, *et seq.,* are based on events which arose more than three years prior to the filing date of this civil action, those claims are barred by the applicable Statute of Limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

### FIFTH DEFENSE

Heifferon was not Plaintiff's "employer" within the meaning of Title VII or the New York State Human Rights Law and, thus, cannot be held individually liable based on such status.

### SIXTH DEFENSE

At no time did Defendants engage in discriminatory or harassing conduct.

### SEVENTH DEFENSE

At no time did Defendants engage in retaliatory conduct.

### EIGHTH DEFENSE

Defendants acted at all times in good faith and with reasonable grounds to believe that they were not violating the Americans With Disabilities Act, the Family and Medical Leave Act or any other legal duty to Plaintiff.

### NINTH DEFENSE

Defendants' conduct with regard to Plaintiff was at all times legitimate and non-discriminatory.

### TENTH DEFENSE

Defendants provided Plaintiff with reasonable accommodations.

### ELEVENTH DEFENSE

Plaintiff's alleged injuries, suffering or damages, if any, were caused by her own conduct and not by any violation of any legal duty to Plaintiff.

## TWELFTH DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any alleged harassment, discriminatory conduct or retaliation in the workplace.

## THIRTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by RIT, or to avoid any alleged harm otherwise.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate any alleged damages.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to any damages, whether compensatory or general.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to attorney's fees with respect to her claims under the New York State Human Rights Law.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the New York Workers' Compensation Law.

## EIGHTEENTH DEFENSE

Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any alleged harassing, discriminatory or retaliatory conduct.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of waiver, estoppel and the unclean hands doctrine.

### TWENTIETH DEFENSE

Plaintiff was not an "eligible employee" within the meaning of the FMLA.

### TWENTY-FIRST DEFENSE

Plaintiff did not provide notice or information sufficient to make Defendant RIT aware that she was entitled to FMLA-qualified leave for the period that Plaintiff now claims she was entitled to FMLA leave.

### TWENTY- SECOND DEFENSE

Plaintiff failed to satisfy the requirements and conditions of FMLA leave.

### TWENTY-THIRD DEFENSE

Defendants reserve the right to assert any additional defenses of which they become aware during the course of this proceeding.

**WHEREFORE**, having fully answered the Complaint file against them, Defendants Rochester Institute of Technology and Barbara A. Heifferon respectfully demand judgment dismissing the Complaint in its entirety, with prejudice, together with an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Date: June 11, 2010
Rochester, New York

/s/ Margaret A. Clemens
Margaret A. Clemens (1966258)
LITTLER MENDELSON, P.C.
  A Professional Corporation
400 Linden Oaks
Suite 110
Rochester, NY  14625
585-203-3400

Attorneys for Defendants
  Rochester Institute of Technology
  Barbara A. Heifferon